**YAN FANG XIE, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 08–1850–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

George G. Katsas, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Gregory M. Kelch, Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yan Fang Xie, a native and citizen of the People's Republic of China, seeks review of an April 7, 2008 order of the BIA denying her motion to reopen. *In re Yan Fang Xie*, No. A96 248 754 (B.I.A. Apr. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Xie's untimely and number-barred motion to reopen or in finding her ineligible to file a successive asylum 2 application.

Xie argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously re-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

viewed the BIA's consideration of similar evidence in the context of an untimely, number-barred motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

While Xie argues that the BIA erred in not affording more weight to a letter, purportedly from the Hunan Township Family Planning Office, we decline to find that the BIA abused its discretion in finding the letter to be inadequate evidence of changed country conditions where the BIA properly noted that the document was not subject to forensic verification because it was a photocopy and was unauthenticated. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency).

Finally, the BIA's determination that Xie was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).